IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANITA BROWN                                                                                          PLAINTIFF

vs.                                             Civil No. 2:11-cv-02151

MICHAEL J. ASTRUE                                                             DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      Anita Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

      Plaintiff filed an application for DIB and SSI on March 19, 2009. (Tr. 120-129).[1] Plaintiff alleged she was disabled due to back pain, a pinched sciatic nerve in her back, pain in her right side, and numbness in her hips and legs. (Tr. 189). Plaintiff alleged an onset date of November 25, 2008. (Tr. 190). These applications were denied initially and again upon reconsideration. (Tr. 64-70, 74-77).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On July 8, 2009, Plaintiff requested an administrative hearing on her applications. (Tr. 80). This hearing request was granted, and a hearing was held on May 10, 2010 in Fort Smith, Arkansas. (Tr. 29-56). At this hearing, Plaintiff was present and represented by counsel, Davis Duty. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 35).

On July 2, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 16-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 25, 2008. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative facet changes, diarrhea, neck pain, headaches, angina, and obesity. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 20). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for sedentary work. (Tr. 19, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ found Plaintiff had PRW as a caregiver, car hop, cashier, store clerk, convenience store manager, and

housekeeper. *Id.* The ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22, Finding 10). The ALJ then used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.28. (Tr. 22). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.968. On June 18, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On August 12, 2011, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ,

the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, in her appeal brief, Plaintiff claims the ALJ erred (1) in his credibility analysis, (2) in his RFC determination, and (3) in his by his use of the Medical-Vocational Guidelines. *Id.* In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 10.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 19-21). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff has dealt with back and stomach pain for about 15 years, and had engaged in SGA for most of that time, (3) The evidence as a whole does not demonstrate any particular precipitating or aggravating factors, (4) Plaintiff's use of only over-the-counter medication indicates pain is not as severe as alleged, and (5) Plaintiff's functional limitations are not so severe as to prevent her from doing any productive work. (Tr. 20-21).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for the full range of sedentary work. (Tr. 19, Finding 5). Plaintiff argues the ALJ's RFC finding is flawed because the ALJ failed to assess limitations relating to Plaintiff's diarrhea and neck pain. ECF No. 9, Pgs. 8-11.

At the hearing, Plaintiff testified regarding her diarrhea. (Tr. 39-40). Plaintiff indicated she has dealt with working with diarrhea for nearly 16 years since she had her gallbladder removed in 1993 or 1994. *Id.* Plaintiff testified that she took care of her diarrhea as needed while working. (Tr. 40). Additionally, there are no medical records to document Plaintiff's need for frequent breaks from work to accommodate her diarrhea. (Tr. 249-312). Finally, Plaintiff did not mention the need for frequent breaks or mention diarrhea as a condition that limits her ability to work in her disability application documents. (Tr. 175-176, 189-196). Plaintiff's claim regarding her diarrhea is not supported by the evidence of record.

Plaintiff also alleges the ALJ did not make any accommodation for her neck pain in his RFC finding. ECF No. 9, Pgs. 9-10. However the ALJ accounted for Plaintiff's neck pain because his finding of sedentary work limits Plaintiff to lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. (Tr. 19, Finding 5). Therefore, the ALJ's RFC finding takes into account Plaintiff's neck pain.

Plaintiff also challenges the ALJ's RFC assessment by alleging the ALJ improperly relied on Plaintiff's May 6, 2009, consultative examination because the examination was actually conducted by Marie Pham, a nurse practitioner and not by Dr. Rebecca Floyd. ECF No. 9, Pg. 10. Plaintiff argues nurse Pham, who Plaintiff alleges conducted the examination, did not comply with 20 C.F.R. §§ 404.1513(a), 416.913(a), which requires an acceptable medical source to establish a medically determinable impairment. *Id.* Plaintiff argues a nurse practitioner is not an acceptable medical source. *Id.*

To begin with, the Agency authorized Dr. Floyd, not a nurse, to perform the consultative examination of Plaintiff. (Tr. 259). Also, while the consultative examination report shows nurse Pham electronically signed the report, Dr. Floyd signed the report by hand. (Tr. 264). Therefore, at

8

the time of his decision, the ALJ properly concluded Dr. Floyd conducted the May 6, 2009 examination.

Additionally, even assuming nurse Pham did conduct this exam, while as a nurse practitioner, nurse Pham is not an acceptable medical source, she is considered an "other source" pursuant to 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Evidence from "other sources" may be used to show the severity of an impairment and show how it affects a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d).

Finally, Plaintiff alleges Dr. Terry Hoyt's RFC report from September 3, 2010 opinion changes the propriety of the ALJ's finding that Plaintiff was not disabled. ECF No. 9, Pgs. 10-11. Plaintiff submitted this report to the Appeals Council following the ALJ's decision of July 2, 2010.

The Appeals Council, must consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *See Bergmann v. Apfel,* 207 F.3d 1065, 1069 (8th Cir. 2000) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir.1990)); 20 C.F.R. §§ 404.976(b), 416.1476(b). Dr. Hoyt's September 3, 2010 report (Tr. 309-311) is not material and does not relate to the period on or before the date of the ALJ's decision of July 2, 2010. (Tr. 16-23). Because of this, the Appeals Council was not required to consider this evidence. *See* 20 C.F.R. §§ 404.976(b), 416.1476(b).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C.  Medical-Vocational Guidelines

The ALJ used the Medical-Vocational Grids to reach a conclusion of "not disabled." (Tr. 22,

Finding 10). The ALJ found Plaintiff was a forty-one year old individual with at least high school education, who had the RFC to perform sedentary work. (Tr. 22, Findings 7-11). Plaintiff argues substantial evidence does not support this finding.

If the ALJ properly determines that a claimant's RFC is not significantly diminished by a non-exertional limitation, then the ALJ may rely exclusively upon the Grids, and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a non-exertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "non-exertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

The ALJ found Plaintiff did not have non-exertional limitations and had RFC to perform the full range of sedentary work. (Tr. 19, Finding 5). Substantial evidence supports this finding. As a result, the ALJ used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.22.

Having already found the ALJ's RFC determination is supported by sufficient medical evidence, the court finds the ALJ's use of Medical-Vocational Grids to reach a conclusion of "not

disabled." is also supported by substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record.  This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 3rd day of May, 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE